IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Buffets Restaurants Holdings, Inc., *et al.*[1] | ) | Case No. 12-10237 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| JLL Consultants, Inc., as Litigation Trustee of the Buffets Restaurants Holdings, Inc., *et al.* Plan Litigation Trust, | ) ) ) | Adv. No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RTR Services, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT TO AVOID AND RECOVER
### PREFERENTIAL AND FRAUDULENT TRANSFERS

JLL Consultants, Inc., as Litigation Trustee of the Buffets Restaurants Holdings, Inc. *et al.* Plan Litigation Trust (the "*Litigation Trustee*"), through its undersigned counsel, brings this Complaint (the "*Complaint*") to avoid and recover transfers and for related relief under §§ 547, 550, and 502(d) of the Title 11 of the United States Code (the "*Bankruptcy Code*"), the Litigation Trustee alleges as follows:

---

[1]   The debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are Buffets Restaurants Holdings, Inc. (9569), Buffets Holdings, Inc. (4018), Buffets, Inc. (2294), HomeTown Buffet, Inc. (3002), OCB Purchasing Co. (7610), OCB Restaurant Company, LLC (7607), Buffets Franchise Holdings, LLC (8749), Buffets Leasing Company, LLC (8138), Ryan's Restaurant Group, Inc., (7895), Ryan's Restaurant Leasing Company, LLC (7405), HomeTown Leasing Company, LLC (8142), OCB Leasing Company, LLC (8147), Fire Mountain Restaurants, LLC (8003), Fire Mountain Leasing Company, LLC (7452), Tahoe Joe's, Inc. (7129) and Tahoe Joe's Leasing Company, LLC (8145). The address for all of the Debtors is 1020 Discovery Road, Suite 100, Eagan, MN 55121

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this adversary proceeding (the "*Adversary Proceeding*"), which arises under the Bankruptcy Code, and arises in and relates to a case under the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, jointly administered under case number 12-10237, under 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

4. This adversary proceeding arises under §§ 547, 550, and 502(d) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 7001(1).

**BACKGROUND**

5. Buffets Restaurants Holdings, Inc. *et al.* (the "*Debtors*") filed a voluntary chapter 11 bankruptcy petition on January 18, 2012 (the "*Petition Date*"). Before the Petition Date, Buffets Restaurants Holdings, Inc., a Delaware corporation, was a holding company that wholly owned Buffets Holdings, Inc., a Delaware corporation, which in turn wholly owned Buffets, Inc., a Minnesota corporation, which was the Debtors' principal operating entity and the parent of the following Debtors: HomeTown Buffet, Inc.; OCB Purchasing Co., OCB Restaurant Company, LLC, Ryan's Restaurant Group, Inc., and Buffets Franchise Holdings, LLC (the "*Direct Buffets Subsidiaries*"). Each of the Debtors was indirectly owned by Buffets, Inc. through one of the Direct Buffets Subsidiaries or one of their own subsidiaries.

6. The Debtors maintained an integrated, centralized cash management and disbursement system in the ordinary course of their operations, through which payments were made to creditors from a Main Concentration Account held at Wells Fargo Bank. In some instances, payments were made to various creditors from the Debtors' General Disbursement Account, also held at Wells Fargo Bank. *See Motion of the Debtors for an Order (I) Approving*

2

*Continued Use of Cash Management System, (II) Authorizing the Continuation of Intercompany Transactions; (III) Granting Administrative Priority Status to Postpetition Intercompany Claims; (IV) Authorizing Use of Prepetition Bank Accounts and Business Forms, and (V) Waiving the Requirements of 11 U.S.C. § 345(b) on an Interim Basis* [Case No. 12-10237 Dkt. 9.]

7.  The Debtors filed a Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "*Plan*") on January 18, 2012. [Dkt. 26.] Under the Plan, the right to prosecute and settle the claims asserted in this Complaint was transferred to the Litigation Trust, and JLL Consultants, Inc., as the Litigation Trustee is charged with the prosecution and liquidation of the Transferred Avoidance Actions. The Plan proposed the creation of a Litigation Trust for the benefit of holders of allowed claims and interests in the Debtors' estates. The purpose of the Litigation Trust is to provide a means of liquidating and monetizing Litigation Trust Proceeds,[2] in part through the prosecution of Transferred Avoidance Actions, including avoidance actions under chapter 5 of the Bankruptcy Code.

## THE PARTIES

8.  JLL Consultants, Inc. is the Litigation Trustee under the Litigation Trust Agreement.

9.  On June 27, 2012, the Court entered an order confirming the Plan, as amended and modified (the "*Confirmation Order*"). [Dkt. 743.] On July 18, 2012, the Debtors' estates were substantively consolidated. [Dkt. 806.]

10. On information and belief, the Defendant's name is RTR Services, Inc., and is a business entity organized under the laws of the state of Texas, with its principal place of business in Austin, Texas.

---

[2] Capitalized terms not defined in this Complaint shall bear the meaning given to them under the Litigation Trust Agreement. *See* (Dkt. 720 Ex. H.)

## COUNT I
### Avoidance of Preferential Transfers Under 11 U.S.C. § 547(b)

11.     During the ninety-day period before the Petition Date, between October 20, 2011 and January 17, 2012 (the "*Preference Period*"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, direct deposit, or otherwise to certain entities, including the Defendant.

12.     During the course of their relationship, the Debtors and the Defendant entered into agreements, evidenced by invoices, communications and other documents. Details of these agreements, paid for during the Preference Period, are attached to this Complaint as *Exhibit A*. The details included in Exhibit A include invoice numbers, invoice dates, invoice amounts, payment identifications numbers, check dates, clear dates, and payment amounts. The Debtors and the Defendant conducted business with one another through and including the Petition Date pursuant to these agreements.

13.     During the Preference Period, one or more of the Debtors made transfers to the Defendant totaling at least $23,599.18, including, without limitation, the transfers specifically identified in Exhibit A, together with any other transfers later identified by the Litigation Trustee (the "*Preferential Transfers*" or "*Transfers*").

14.     During the Preference Period, Buffets, Inc. made transfers to the Defendant including, without limitation, the Preferential Transfers. The Debtors maintained a centralized cash management system, and the Transfers were made from account(s) ending in 5763 held at Wells Fargo Bank.

15.     The Litigation Trustee has determined that the Preferential Transfers made by the Debtors were transfers of an interest of their property to or for the benefit of the Defendant during the Preference Period through payments totaling at least $23,599.18.

16. The Litigation Trustee has further determined that the Defendant was a creditor of one or more of the Debtors within the meaning of 11 U.S.C. § 101(10)(A) of the Bankruptcy Code at the time of each of the Preferential Transfers.

17. Each Preferential Transfer constituted a transfer of interest of one or more of the Debtors in property.

18. Each Preferential Transfer was made to or for the benefit of the Defendant, within the meaning of § 547(b)(1) of the Bankruptcy Code, because each Preferential Transfer either reduced or fully satisfied a debt then owed by one or more of the Debtors to the Defendant.

19. Each Preferential Transfer was made for or on account of an antecedent debt owed by one or more of the Debtors to the Defendant before such Transfer was made.

20. Each of the Debtors that made the Preferential Transfers was insolvent throughout the Preference Period because the sum of its representative debts was greater than the fair value of its respective assets.

21. Each Preferential Transfer was made on or within ninety days before the Petition Date.

22. Each Preferential Transfer enabled the Defendant to receive more than the Defendant would have if:

    a. the Debtors' cases were brought under chapter 7 of the Bankruptcy Code;
    b. the Preferential Transfers had not been made; and
    c. the Defendant had received payment of such debt to the extent provided by the Bankruptcy Code.

23. For these reasons, the Litigation Trustee may avoid the Preferential Transfers under § 547 of the Bankruptcy Code.

## COUNT II
### Recovery of Avoidable Transfers Under 11 U.S.C. § 550

24. The Litigation Trustee incorporates all preceding paragraphs as if fully realleged here.

25. The Defendant was either (i) the initial transferee of the Preferential Transfers; (ii) the entity for whose benefit the Preferential Transfers were made; or (iii) an immediate or mediate transferee thereof.

26. Upon the avoidance of the Preferential Transfers under § 547 of the Bankruptcy Code, the Litigation Trustee may recover the Preferential Transfers, or the value of the Preferential Transfers from the Defendant or any mediate or immediate transferee under § 550 of the Bankruptcy Code.

27. For these reasons, the Litigation Trustee may recover the Preferential Transfers, or the value of the Preferential Transfers, from the Defendant under § 550 of the Bankruptcy Code.

## COUNT III
### Disallowance of Claims Under 11 U.S.C. § 502(d)

28. The Litigation Trustee incorporates all preceding paragraphs as if fully realleged here.

29. Section 502(d) of the Bankruptcy Code provides that the claim of any entity or transferee receiving a payment that is avoidable under § 547 of the Bankruptcy Code shall be disallowed unless the entity or transferee turns over the payment or value of the payment.

30. The Defendant received or is the transferee of the Preferential Transfers.

31. The Defendant has, or may claim to have, a claim or claims against the Debtors' estate.

32. The Defendant has neither paid nor surrendered the Preferential Transfers or the value of the Preferential Transfers to the Litigation Trustee.

33. The Litigation Trustee objects to any and all claims of the Defendant, including, without limitation, all prepetition and postpetition claims pursuant to § 502(d) of the Bankruptcy Code.

34. For these reasons, the Litigation Trustee is entitled to judgment against the Defendant disallowing all claims of the Defendant unless and until the Defendant returns all amounts due to the Debtors' bankruptcy estate in this case and any other separately filed objections to such claims are resolved as provided by § 502(d) of the Bankruptcy Code.

### RESERVATION OF RIGHTS

35. The Litigation Trustee reserves the right to bring any and all other causes of action it may maintain against the Defendant including, without limitation, causes of action arising out of the same transactions set forth in this Complaint, to the extent discovery in this action or further investigation by the Litigation Trustee reveals such further causes of action.

### RELIEF REQUESTED

*Wherefore*, the Litigation Trustee requests that the Court enter judgment in its favor and against the Defendant, granting the following relief:

A. Avoidance and recovery of the Preferential Transfers under §§ 547 and 550 of the Bankruptcy Code;

B. Disallowance of any and all claims filed by the Defendant pursuant to § 502(d) of the Bankruptcy Code;

C. An award to the Litigation Trustee of prejudgment interest at the legally allowable rate;

D. An award to the Litigation Trustee of costs and expenses of this suit; and

E. Granting the Litigation Trustee such other and further relief the Court deems just and appropriate.

Dated: July 18, 2013
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Rebecca L. Butcher No. 3816*
Rebecca L. Butcher (No. 3816)
Joseph D. Wright (No. 5669)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: butcher@lrclaw.com
      wright@lrclaw.com

-and-

**SUGAR FELSENTHAL GRAIS & HAMMER LLP**

Aaron L. Hammer, Esq. (IL No. 6243069)
Mark S. Melickian, Esq. (IL No. 6229843)
Michael A. Brandess, Esq. (IL No. 6299158)
Jack O'Connor, Esq. (IL No. 6302674)
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone: (312) 704-9400
Facsimile: (312) 372-7951
Email: ahammer@SugarFGH.com
      mmelickian@SugarFGH.com
      mbrandess@SugarFGH.com
      joconnor@SugarFGH.com

*Co-Counsel for JLL Consultants, Inc., the Litigation Trustee for the Buffets Restaurants Holdings, Inc., et al. Litigation Trust*

8